UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ZAIRE PAIGE,

                            Plaintiff,

        -against-

RASHAN LACOSTE; JOHN DOES 1, 2, & 3,
THE CITY OF NEW YORK; THE CITY OF NEW
YORK POLICE DEPARTMENT, 73RD PCT;
CITY OF NEW YORK POLICE DEPARTMENT,
88TH PCT; JOHN DOE 1 & 2; DET. THOMAS
DONOHUE; CITY OF NEW YORK POLICE
DEPARTMENT, 81ST PCT; P.O. HERBERT &
PARTNER JOHN DOE,

                            Defendants.
----------------------------------------------------------------X

**NOT FOR ELECTRONIC
OR PRINT PUBLICATION**

**ORDER**
and
**REPORT &
RECOMMENDATION**

10-cv-3356 (SLT) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiff has moved to compel discovery a second time.[1] (Dkt. No. 47.)[2] Plaintiff's second motion ignores my previous order denying a substantially similar motion for failure to comply with the Federal Rules of Civil Procedure. (*See* Dkt. No. 43.) The motion is denied. Furthermore, I respectfully recommend that Judge Townes dismiss plaintiff's complaint in its entirety for failure to comply with a clear and unambiguous court order.

      First, the individual defendants still have not appeared in the action, and their time to do so has not yet run. By a previous order, summonses were reissued for Police Officer Rashan

---

[1] The motion is titled "Motion for Discovery of documents" and "Request for Copy of Documents." I construe this as a motion to compel because plaintiff's request is directed to me. This second motion is substantially similar to the one filed with the Court on May 2, 2011, except that he includes additional requests for documents.

[2] I respectfully refer to the Honorable Sandra L. Townes' Memorandum and Order, dated August 11, 2010, for a statement of the underlying factual allegations.

Lacoste and Detective Thomas Donohue, and the United States Marshal was directed to serve these defendants. Officer Lacoste has been served, and his answer is due August 29, 2011. Contrary to plaintiff's statement in his motion, Corporation Counsel provided the Court and plaintiff with the service address for Detective Donohue. (Dkt. Nos. 37, 38.) However, it is unclear whether he has been properly served yet.

As I explained in the previous order denying without prejudice plaintiff's first motion to compel, plaintiff is required to abide by the Federal Rules governing discovery, which require plaintiff to make formal written discovery requests directly to the defendants, and not to raise requests for documents in the first instance with the Court. *See generally* FED. R. CIV. P. 26-37, 45. There is no indication in Paige's letter that he has made any discovery requests of the defendants or Corporation Counsel.[3] Furthermore, plaintiff may move to compel only after attempting to meet and confer regarding disputes over production of documents or other requested discovery. Local Rule 37.3(a)[4]

Second, plaintiff's motion is also denied since he has failed to obey this Court's April 21, 2011 Order. (Dkt. No. 35.) As a result of plaintiff's noncompliance, I respectfully recommend that Judge Townes dismiss his complaint in its entirety, which if adopted, would render his motion to compel moot.

---

[3] Plaintiff purports to seek this information under the Freedom of Information Act ("FOIA"). FOIA permits any person to access documents of *federal* agencies, yet all of the information plaintiff seeks is from *New York State* agencies. New York State has a similar statute—the Freedom of Information Law ("FOIL"), which permits access to state government records. If plaintiff seeks these documents under FOIL, he must follow the procedures and guidelines set forth by the State. This Court has no jurisdiction to rule on a FOIL request or compel production of documents pursuant to a FOIL request.

[4] A copy of the Local Rules for the Eastern District of New York may be accessed on the District's website at http://www.nyed.uscourts.gov/Local_Documents/local_documents.html.

Corporation Counsel initially sought releases from Paige pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Rather than provide the requested releases, Paige provided his own copies of records, which apparently had handwritten notations from himself and others associated with him. Accordingly, Corporation Counsel moved to compel Paige to execute the releases. (*See* Dkt. No. 33.) Corporation Counsel correctly argued that defendants were entitled to their own copy of Paige's medical records directly from the providers. (*Id.*) Corporation Counsel further asserted that time was of the essence since it can take up to 60 days to receive files once releases have been executed. (*Id.*) Plaintiff has alleged serious physical injuries in his complaint, and so defendants are entitled to their own copy of his medical records. Moreover, since his allegations are against city employees, Corporation Counsel will need to make a decision as to whether it can and will represent the defendants, and clearly plaintiff's medical records will have some relevance to that decision.

Corporation Counsel was ordered to provide plaintiff with the releases by April 28th, which it did. (*See* Dkt. No. 35, 36.) Plaintiff was to execute and return the releases to prison officials for mailing within one week of receipt. Plaintiff failed to return the releases. (*See* Dkt. No. 45.) In the same order, I warned Paige that failure to sign and return the releases *would* result in a recommendation that his entire claim be dismissed for failure to prosecute and failure to follow a court order.

Rule 16(f) permits the Court to issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a scheduling or other pretrial order. Rule 37(b)(2)(A)(v) allows for dismissal of a complaint. Even a pro se complaint may be dismissed as a sanction, so long as the pro se plaintiff received notice that noncompliance could result in such sanction. *See, e.g.*, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) (dismissing pro se complaint for failing to obey court orders); *Miller v. Green*, No. 05-CV-2548, 2010 WL

322033 (E.D.N.Y. Jan. 26, 2010) (dismissing pro se complaint for failing to provide medical releases in violation of a court order).

Plaintiff has flagrantly ignored this Court's Order to provide the medical releases. He has not complied, asked for additional time, nor provided any explanation for his noncompliance.[5] Plaintiff was clearly warned of the consequences of failure to obey the Order. Accordingly, I respectfully recommend that Paige's complaint be dismissed as a sanction for failure to obey a court order.

## CONCLUSION

Plaintiff's motion to compel discovery is denied. Furthermore, I respectfully recommend that his complaint be dismissed for failure to obey a court order. Should Paige execute and return the releases to Corporation Counsel within 14 days of this recommendation (in other words, the allotted time for objections), he shall file an affidavit with the Court indicating his compliance, and this recommendation shall be deemed withdrawn.

---

[5] In a letter to Judge Townes, Judge Bloom, and myself dated July 11, 2011, Paige's grandmother asserts that her grandson has a broken wrist and therefore cannot sign anything. Yet, he apparently signed the second motion to compel dated July 15, 2011—mere days later. Paige's grandmother's assertion that plaintiff cannot sign anything is clearly belied by the record.

Any objections to the recommendations herein must be filed with the Clerk of the Court and the Honorable Sandra L. Townes within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The Clerk of Court shall send pro se plaintiff a copy of this order, as well as the previous court orders and letters from Corporation Counsel referenced herein.[6]

**SO ORDERED.**

**Dated: August 24, 2011**
       **Brooklyn, New York**

*Ramon E. Reyes Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[6] Notations on the docket sheet and in Corporation Counsel's letters indicate that plaintiff has already received these documents. Nevertheless, the Court will send additional copies in light of the recommended sanction of dismissal.