UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ZAIRE PAIGE,

        Plaintiff,

    -against-

RASHAN LACOSTE, *et al.*,

        Defendants.
----------------------------------------------------------x
ZAIRE PAIGE,

        Plaintiff,

    -against-

THE CITY OF NEW YORK, *et al.*,

        Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3356 (SLT)(RER)

10-CV-5469 (SLT)(RER)

**TOWNES, United States District Judge:**

    On October 14, 2011, this Court received an affidavit from Zaire Paige – the *pro se* plaintiff in both of the above-referenced actions – which purports to be a "Writ of Discovery." At the start of his three-page affidavit, plaintiff asks why the two above-referenced actions "are being dismissed." Writ of Discovery, dated Sept. 27, 2011, at 1. Plaintiff then recounts various acts of misconduct allegedly committed by Justice Vincent Del Guidice, Assistant District Attorney Timothy Gough, and Police Officers LaCoste and Perez during the course of his recent criminal trial in the Supreme Court of the State of New York, Kings County, and alleges that these defendants are participants in a "Huge Conspiracy" aimed at convicting him. *Id.* at 1-2. Plaintiff also attaches numerous exhibits, including a copy of this Court's August 10, 2010, Memorandum and Order in No. 10-CV-3356 and excerpts from the state court trial transcript.

In response to plaintiff's inquiry, this Court notes that *neither* of the above-referenced cases has yet been dismissed. In *Paige v. LaCoste*, No. 10-CV-3356, Magistrate Judge Reyes has filed a Report and Recommendation ("R&R") dated August 24, 2011, recommending that the action be dismissed for failure to obey a court order *unless* plaintiff (1) executed and returned certain releases to Corporation Counsel within the time allotted for objections to that R&R and (2) filed an affidavit with the Court indicating his compliance. However, that R&R has not yet been adopted by this Court. Rather, by order dated October 14, 2011, this Court directed Corporation Counsel to serve plaintiff with another copy of the releases by October 21, 2011, and extended plaintiff's time to return the releases to November 14, 2011.[1] If plaintiff returns the signed releases to Corporation Counsel and files an affidavit with the Court indicating his compliance by November 14, 2011, the R&R will be deemed withdrawn and case number 10-CV-3356 will continue.

In *Paige v. City of New York*, No. 10-CV-5469, this Court has dismissed various defendants – including Justice Del Guidice and Assistant District Attorney Gough – and various claims – including those claims against defendants Perez and LaCoste which allege that these two NYPD officers (1) testified falsely both before the grand jury and at plaintiff's trial or (2) subjected plaintiff to custodial interrogation without providing any *Miranda* warnings.[2]

---

[1] Although this Court mailed another copy of Magistrate Judge Reyes' R&R to plaintiff along with the October 13, 2011, order, it will mail yet another copy of the R&R and this Court's October 13, 2011, order to plaintiff along with this Order.

[2] The reasons for dismissing these defendants and claims – which are detailed in this Court's Memorandum and Order dated January 6, 2011, and in this Court's Memorandum and Order dated August 22, 2011 – need not be repeated here. However, in an abundance of caution, this Court will enclose copies of both of those prior orders. In addition, this Court notes that plaintiff will have the opportunity to raise his allegations of misconduct on his direct appeal from his criminal conviction and perhaps, if that appeal proves unsuccessful, in seeking a writ of habeas corpus from this Court.

However, in a Memorandum and Order dated August 22, 2011, this Court granted plaintiff leave to file a second amended complaint to clarify the circumstances under which Detectives LaCoste and Perez conducted certain allegedly "secret" lineups. By order dated October 12, 2011, this Court extended plaintiff's time to file that second amended complaint to November 14, 2011.

Plaintiff is reminded that if he elects to file a second amended complaint, it must be captioned, "Second Amended Complaint," and bear the docket number 10-CV-5469 (SLT)(RER). In addition, this second amended complaint must explain what, if anything, occurred at "night court" before plaintiff was taken to the precincts where the lineups were allegedly conducted; if the "secret" lineups had anything to do with the case for which plaintiff was convicted; and what consequences the lineups had for plaintiff. If plaintiff files his second amended complaint within the time allowed, then case number 10-CV-5469 may also continue.

## CONCLUSION

As discussed above, neither of the above-referenced actions has yet been dismissed. However, both actions will be dismissed unless plaintiff takes the actions described above and in the enclosed prior orders by November 14, 2011.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: October 24, 2011
Brooklyn, New York

3