UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZAIRE PAIGE,

          Plaintiff,

    -against-

RASHAN LACOSTE, *et al.*,

          Defendants.
------------------------------------------------------------x
ZAIRE PAIGE,

          Plaintiff,

    -against-

THE CITY OF NEW YORK, *et al.*,

          Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT

★ JAN 17 2012 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-3356 (SLT)(RER)

10-CV-5469 (SLT)(RER)

**TOWNES, United States District Judge:**

    This Court is in receipt of a five-page document from plaintiff Zaire Paige – dated December 16, 2011, but notarized on January 4, 2012 – which is entitled both "Affidavit of Facts" and "Writ of Recusal" (Document # 59). The document begins by stating that it is a "Writ of Recusal" and "is in object [*sic*] of the decision to dismiss" the two above-captioned cases. However, the only relief expressly sought in the document is that all judges involved in this action recuse themselves.

    This Court construes this document as a recusal motion. However, since both cases are already closed, this motion is moot. Even if it were not moot, this Court would decline to recuse itself. This Court is not biased or prejudiced against plaintiff or his grandmother. To the contrary, the Court, cognizant of plaintiff's *pro se* status, has been careful to protect plaintiff's rights. When plaintiff prematurely protested the dismissal of these actions, this Court clarified

that the actions were still pending and explained to plaintiff precisely what actions he needed to take in order to avoid dismissal. *See Paige v. LaCoste*, Nos. 10–CV–3356 (SLT)(RER) and 10–CV–5469 (SLT)(RER), 2011 WL 5191380 (E.D.N.Y. Oct. 31, 2011). Plaintiff failed to take those actions, however. After this Court dismissed the actions, this Court wrote another Memorandum and Order explaining that plaintiff could move for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and listing the information that should be provided in any such motion. *See Paige v. LaCoste*, Nos. 10–CV–3356 (SLT)(RER) and 10–CV–5469 (SLT)(RER), 2011 WL 6937626, at *2 (E.D.N.Y. Dec. 30, 2011). *Id.* at *2. To date, plaintiff has failed to file any such motion.[1]

## *CONCLUSION*

This Court construes Document #59, which is entitled both "Affidavit of Facts" and "Writ of Recusal," to be a motion seeking the recusal of all judges involved in the two above-captioned cases. Since both of these cases are closed, the motion is moot. Even if it were not moot, however, this Court would decline to recuse itself for the reasons set forth above.

**SO ORDERED.**

s/ SLT

SANDRA L. TOWNES
United States District Judge

Dated: January 13, 2012
Brooklyn, New York

---

[1] Although the instant submission states that plaintiff's mail was "tampered with" at Rikers Island and suggests that plaintiff signed the "Medical Release Form" at issue in *Paige v. LaCoste*, it does not comply with the requirements for reconsideration set forth in *Paige v. LaCoste*, 2011 WL 6937626, at *2. Moreover, the submission is dated December 16, 2011 – two weeks before the above-mentioned Memorandum and Order was issued. Accordingly, this Court does not construe the instant submission to be a motion for reconsideration.

2