UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ZAIRE PAIGE,

             Plaintiff,

    -against-

RASHAN LACOSTE, *et al.*,

             Defendants.
-------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 24 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-3356 (SLT)(RER)

**TOWNES, United States District Judge:**

    Plaintiff Zaire Paige moves for reconsideration of this Court's Order and Civil Judgment dated November 28, 2011 (the "Order & Judgment"), which adopted Magistrate Judge Reyes's recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 37 as a sanction for plaintiff's failure to provide certain medical releases. Defendants oppose plaintiff's motion, but corroborate plaintiff's claim that he sent them a medical release prior to the November 14, 2011, deadline. Accordingly, for the reasons set forth below, plaintiff's motion is granted; this Court's Order and Civil Judgment dated November 28, 2011, is vacated; and the Clerk of Court is directed to re-open this case.

## *BACKGROUND*

    On August 24, 2011, Magistrate Judge Reyes issued a Report and Recommendation (the "R&R"), recommending that this action be dismissed for failure to obey a court order unless plaintiff (1) executed and returned certain medical releases to Corporation Counsel within the time allotted for objections to that R&R and (2) filed an affidavit with the Court indicating his compliance. On October 13, 2011, this Court mailed a second copy of the R&R to plaintiff, directed Corporation Counsel to serve plaintiff with another copy of the releases by October 21, 2011, and extended plaintiff's time to return the releases to November 14, 2011.



On October 14, 2011, this Court received an affidavit from *pro se* plaintiff Zaire Paige, asking, among other things, why this action was "being dismissed." Writ of Discovery, dated Sept. 27, 2011, at 1. In a Memorandum and Order dated October 24, 2011, this Court responded to plaintiff's inquiry by noting that this action had not yet been dismissed. Memorandum and Order dated Oct. 24, 2011, at 1-2. However, the Court warned plaintiff that the action would be dismissed unless he took action before November 14, 2011. *Id.* at 3.

This Court never received an affidavit from plaintiff indicating that he had executed and returned the required releases to Corporation Counsel, or any objections to the R&R. Accordingly, this Court assumed that plaintiff had not complied with the Court's orders regarding the releases. On November 28, 2011, this Court entered the Order & Judgment adopting Judge Reyes's R&R and dismissing this action.

On January 19, 2012, however, this Court received a two-page, sworn submission from plaintiff entitled, "Motion for Relief of Judgment," in which plaintiff stated that he had mailed the releases to defendant's counsel on or about October 27, 2011. In addition, plaintiff stated that he intended to file the affidavit indicating his compliance with the Court's order, but was prevented from doing so by an unexpected prison transfer which deprived him of access to his legal papers until late November 2011. Although plaintiff's submission did not mention Rule 60(b) of the Federal Rules of Civil Procedure, this Court construed it as a motion for reconsideration and directed Corporation Counsel to respond to the motion.

Corporation Counsel complied with this directive on February 24, 2012, by filing a three-page letter opposing the motion. In this letter, Corporation Counsel admits receiving a release from plaintiff on November 1, 2011. However, Corporation Counsel claims that the medical release was incomplete, stating:

2

> [T]his office received a release . . . that did not specify any medical provider from which records could be obtained. Moreover, the release that plaintiff provided did not include dates of treatment, or plaintiff's social security number. Plaintiff simply wrote his name and date of birth on top of the release rendering it completely unusable.

Letter to Hon. Sandra L. Townes from Asst. Corp. Counsel Ryan G. Shaffer, dated Feb. 24, 2012 (the "Shaffer Letter"), at 1-2. Corporation Counsel alleges that plaintiff "must have known" the incomplete release would be "ineffective," and implies that the sanction of dismissal was, therefore, appropriate. *Id.* at 3.

The Shaffer Letter does not controvert plaintiff's assertion that an unexpected prison transfer rendered him unable to submit to the Court an affidavit attesting to his service of the medical release. Rather, Corporation Counsel faults plaintiff for "not seek[ing] an extension of time" or "advis[ing] the Court of his inability to provide the required affidavit until after he was notified that his case had been dismissed." Specifically, Corporation Counsel states:

> Curiously, plaintiff's motion also does not provide any explanation as to why he waited until his case was dismissed to advise the Court that he was unable to provide the Court with the affidavit in a timely manner. Nor is there any explanation given for why, in the time period after he allegedly got his legal materials back and was no longer being transferred, he could not and did not prepare the required affidavit and supplement the information contained in the medical release.

*Id.* at 3.

## *DISCUSSION*

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for certain enumerated reasons. These reasons include "mistake, inadvertence, surprise, or excusable neglect;" "misrepresentation . . . or misconduct by an opposing party;" and "any other reason that

3

justifies relief." Fed. R. Civ. P. 60(b)(1), (3) and (6). However, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases).

In this case, plaintiff has met this burden by establishing that, contrary to this Court's assumption, he at least attempted to comply with the Court's orders regarding the releases. In a sworn submission entitled, "Motion for Relief of Judgment," which was received by the Court on January 19, 2012, plaintiff states that he mailed "releases" to defendant's counsel on or about October 27, 2011. Corporation Counsel corroborates this representation to the extent of acknowledging the receipt of a single, improperly completed release on November 1, 2011.

Corporation Counsel argues that, although plaintiff sent this release, he failed to comply with the Court's orders in two respects. First, Corporation Counsel asserts that plaintiff knowingly "provided an incomplete release, that he must have known was ineffective." Shaffer Letter at 3. Second, Corporation Counsel argues that, "even though plaintiff was aware of his obligation to provide an affidavit, he did not seek an extension of time . . . [or] advise the Court of his inability to provide the required affidavit until after he was notified that his case had been dismissed." *Id.*

The first of these arguments not only is entirely unsubstantiated, but also ignores the fact that plaintiff is an unsophisticated *pro se* litigant. Although plaintiff's original complaint in this action was quite articulate, there are several reasons to suspect that plaintiff did not draft it himself. First, that complaint consistently refers to plaintiff in the third person and closely

4

resembles a complaint filed by plaintiff's grandmother, Bettie Paige, in *Paige v. City of New York Police Dept. 73rd Precinct*, E.D.N.Y. Docket No. 10-CV-3773 (SLT)(LB). Second, plaintiff's complaint states that plaintiff did not file his own grievances at Rikers Island, but "[a]dvised grandmother to advocate for [him]." Complaint at 9 of 38.[1] Third, during the early stages of this case, plaintiff's grandmother repeatedly sent letters and other submissions on plaintiff's behalf, *see* Docket Entries 11, 21, and 27, eventually prompting Judge Reyes to issue an order prohibiting her from submitting documents on plaintiff's behalf. *See* Order dated Jan. 27, 2011.

All of the documents which plaintiff has filed subsequent to Judge Reyes' order have been signed by plaintiff. However, while plaintiff's April 11, 2011, letter to "My Honor Ramon Reyes, Jr." is signed by plaintiff, it begins, "I have been informed by my grandson." Obviously, this letter was either drafted by, or at the direction of, plaintiff's grandmother. There is no evidence that subsequent submissions were also drafted by plaintiff's grandmother. However, this Court notes that plaintiff's recent submissions have been markedly less articulate than the submissions pre-dating Judge Reyes's January 27, 2011, order.

These facts, taken together, suggest that plaintiff is not a sophisticated litigant, but an inexperienced *pro se* plaintiff who was reliant on his grandmother's assistance. Under these circumstances, this Court cannot find that plaintiff deliberately "provided an incomplete release," knowing that it would prove useless.

---

[1] Because the pages of plaintiff's complaint are not numbered consecutively, this Court refers to the page numbers assigned by this Court's Electronic Case Filing ("ECF") system.

Corporation Counsel's second argument – relating to plaintiff's failure to provide the required affidavit – disregards the facts set forth in plaintiff's "Motion for Relief of Judgment." In that notarized "motion," plaintiff states that he mailed the releases to Corporation Counsel on October 27, 2011, but was transferred before he could type or notarize the affidavit. Because he was routed through Auburn Correctional Facility and placed on "special watch" upon his arrival at Attica Correctional Facility, plaintiff did not have access to his property until late November 2011 – more than one week after the November 14, 2011, deadline imposed by this Court's Memorandum and Order dated October 24, 2011, and only shortly before this Court's November 28, 2011, Order & Judgment dismissing this action.

Contrary to Corporation Counsel's assertions, these facts adequately explain plaintiff's failure to file the required affidavit. Although plaintiff has provided no documentary proof to support his version of events, Corporation Counsel has not provided any facts to controvert plaintiff's claims. Accordingly, this Court cannot find that plaintiff willfully failed to comply with this Court's orders directing him to file an affidavit attesting to his provision of the medical releases.

## *CONCLUSION*

Since this action was dismissed as a sanction for plaintiff's repeated failure to comply with this Court's orders relating to medical releases, it would be unjust not to reconsider this dismissal in the face of evidence that plaintiff made at least some effort to provide the releases. Plaintiff's motion for reconsideration is, therefore, granted. This Court's Order and Civil Judgment dated November 28, 2011, is vacated and the Clerk of Court is directed to re-open this case.

6

Corporation Counsel is directed to re-serve the releases on plaintiff on or before July 30, 2012, with detailed instructions regarding how they are to be completed. Plaintiff shall (1) complete and return the releases to Corporation Counsel and (2) mail a copy of the completed releases to this Court on or before August 27, 2012. If plaintiff has any procedural questions regarding how to complete medical releases, he should contact the Pro Se Office at this courthouse by mail or by calling (718) 613-2665. If plaintiff fails to return properly executed releases within the time allowed or to show good cause why he could not do so, this action will be dismissed.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: July 18, 2012
Brooklyn, New York

7