UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZAIRE PAIGE,

                         Plaintiff,

-against-

RASHAN LACOSTE, JOHN DOE 1, 2, 3, AND
DET. THOMAS DONAHUE,

                         Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER
ADOPTING
REPORT & RECOMMENDATION**

10-CV-3356 (SLT)(RER)

**TOWNES, United States District Judge:**

On May 8, 2014, Magistrate Judge Ramon E. Reyes, Jr. issued a Report and Recommendation ("R&R") to dismiss *pro se* plaintiff Zaire Paige's case with prejudice for failure to comply with a court order under Federal Rules of Civil Procedure 16(f) and 37(b) and for failure to prosecute under Rule 41(b). (ECF No. 92.) Mr. Paige filed objections to which Defendants did not respond. For the reasons set forth below, the Court adopts the R&R.

## BACKGROUND

Mr. Paige filed this action under 42 U.S.C. § 1983 in July 2010. (ECF No. 1.) Mr. Paige's Amended Complaint alleges that on May 12, 2009, Officer Rashan LaCoste unlawfully detained Mr. Paige and took him to the 73rd Precinct where officers forced him to strip naked and then beat him. (Am. Compl. ¶¶ 2–3, 12–16, ECF No. 67.) Mr. Paige further alleges that during this beating, Officer LaCoste forced him to swallow a handcuff key that then became lodged in Mr. Paige's lung. (*Id.* at ¶ 17.) After Mr. Paige started to vomit blood, officers took him to a hospital where doctors removed the key. (*Id.* at ¶¶ 20, 23.) Mr. Paige also alleges officers falsely told hospital staff Mr. Paige had murdered seven people and provided false testimony against him in other criminal cases. (*Id.* at ¶¶ 38, 40, 51–52.)

### *First R&R to Dismiss*

On April 15, 2011, Defendants filed a motion to compel Mr. Paige to execute release forms for his medical records. (ECF No. 33.) Judge Reyes granted the motion and ordered Mr. Paige to sign and return the releases within one week of receipt. (ECF No. 35 at 3.) Judge Reyes's order warned Mr. Paige that failure to do so would result in a recommendation of dismissal. (*Id.* at 2.) On May 13, 2011, Defendants notified the Court that Mr. Paige had not returned the executed releases and moved for dismissal as a sanction for this failure. (ECF No. 45.) On August 24, 2011, Judge Reyes recommended dismissal of Mr. Paige's case for failure to comply with a court order. (ECF No. 49.) Alternatively, the R&R stated that Judge Reyes would withdraw this recommendation for dismissal upon Mr. Paige's submission of an affidavit indicating Mr. Paige had signed and returned the releases. (*Id.* at 4.) Having received no affidavit from Mr. Paige, this Court adopted Judge Reyes's recommendation and dismissed Mr. Paige's case without prejudice on November 28, 2011. (ECF No. 55.) However, on January 19, 2012, Mr. Paige filed a sworn submission outlining the reasons he failed to comply with the R&R's instruction that if Mr. Paige signed and returned the releases he should file an affidavit indicating his compliance. (ECF No. 62.) Mr. Paige's sworn submission stated that he signed and returned the releases but an unexpected prison transfer prevented him from timely filing the affidavit indicating his compliance with the Court's order. (*Id.*) This Court construed Mr. Paige's submission as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) and re-opened this case on July 18, 2012. (ECF No. 68.)

Before the Court re-opened his case, Mr. Paige filed an Amended Complaint on February 29, 2012. (ECF No. 67.) Defendants apparently consented to the amendment after the Court re-opened the case, *see* Fed. R. Civ. P. 15(a)(2), by requesting extensions of time in which to

-2-

answer or otherwise respond, (*see* ECF Nos. 70, 73), and ultimately filing an Answer on December 18, 2012, (*see* ECF No. 74).

### *Current R&R to Dismiss*

On September 3, 2013, Defendants filed a motion to compel responses to their First Set of Interrogatories and Request for Production of Documents and to extend the discovery deadline. (ECF No. 83.) The Court granted that motion and ordered Mr. Paige to respond no later than September 30, 2013. (Order dated Sept. 9, 2013.) On September 27, 2013, Mr. Paige requested an extension of time to respond to Defendants' discovery requests. (ECF No. 86.) The Court granted that request and ordered Mr. Paige to complete and return his responses by October 15, 2013. (Order dated Oct. 2, 2013.) Mr. Paige requested a second extension of time on October 10, 2013. (ECF No. 88.) The Court granted that request and ordered Mr. Paige to complete and return his responses by December 6, 2013. (Order dated Oct. 22, 2013.) Despite these extensions, Mr. Paige failed to meet this deadline or timely seek an additional extension. Defendants then filed a motion to dismiss on January 3, 2014. (ECF No. 89.)

On May 8, 2014, Judge Reyes issued an R&R recommending this Court dismiss Mr. Paige's case with prejudice for failure to comply with a court order under Rules 16(f) and 37(b) and for failure to prosecute under Rule 41(b). (ECF No. 92.) The R&R notes the many orders Mr. Paige failed to obey. Despite receiving two extensions, Mr. Paige failed to comply with the Court's September 9, 2013 discovery order. Mr. Paige also failed to comply with the Court's orders of January 27, 2011, and April 21, 2011, ordering Mr. Paige's grandmother, Bettie Paige—who is neither an attorney nor a party to this action—to cease litigating this case on Mr. Paige's behalf. Despite these orders, Ms. Paige continued to file documents in this case. The R&R notes three documents whose timing and form suggest Ms. Paige drafted and filed them.

(ECF No. 92 at 3–4.) Judge Reyes found Mr. Paige's noncompliance with these orders qualified as willful and warranted dismissal. After weighing certain factors, Judge Reyes also found Mr. Paige's failure to respond to the Defendants' discovery requests warranted dismissal for failure to prosecute under Rule 41(b).

*Objections*

Mr. Paige and his grandmother filed four documents responsive to the R&R. Mr. Paige's grandmother signed two of these documents. (ECF Nos. 95–96.) These documents explain why Ms. Paige has helped Mr. Paige litigate his case and request additional time to perform research. The most recent, unsigned submission appears also to be of Ms. Paige's creation. (ECF No. 98.) This appears so because the document bears the date June 13, 2014, and the Court received this document that same day. That Mr. Paige, who is incarcerated, could have filed the document the same day he created it seems unlikely. Further, the document at one point states "my grandson and I," further hinting at Ms. Paige's authorship. (*Id.* at ¶ 6.) The Court has instructed Ms. Paige on multiple occasions to cease filing documents in this case and that the Court would disregard future submissions from Ms. Paige. (*See* order dated Jan. 27, 2011; ECF No. 35.) The Court thus discounts these submissions. In any event, these filings lack specific objections to the R&R. Rather, they at best contain only general and conclusory objections.

The final filing consists of a May 29, 2014 letter from Mr. Paige in which he generally objects to the R&R and: states his "mental health is unstable"; alleges prison officials are tampering with his mail; and requests a status update on his case and an extension of time in which to respond to the R&R. (ECF No. 97.) Mr. Paige provides no proof of his allegations regarding his mental health or mail tampering. Like the other filings, this document contains only conclusory, general objections to the R&R. Although most of these objections qualify as

untimely, given Mr. Paige's incarcerated, *pro se* status, the Court finds consideration of his objections appropriate. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (noting district courts should treat *pro se* litigants with "special solicitude").

## STANDARD OF REVIEW

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation must "be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). Thus, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06 Civ. 5450(LTS)(DFE), 07 Civ. 3436(LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (citations omitted). Out of an abundance of caution, the Court has conducted a *de novo* review to confirm that this case warrants the sanction of dismissal with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 16(f) provides that "if a party . . . fails to obey a scheduling or other pretrial order" the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." Rule 37(b)(2)(A)(v) authorizes dismissal of the action

as a sanction. Nonetheless, "'dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds "willfulness, bad faith, or any fault"' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (citation omitted). To determine whether dismissal is appropriate, courts generally consider: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Id.* (citation omitted). The fourth factor becomes mandatory when the party facing dismissal proceeds *pro se*. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (citations omitted).

The Court agrees with Judge Reyes that Mr. Paige's actions demonstrate willfulness and fault. The record shows Mr. Paige had knowledge of the deadlines by which to comply with Judge Reyes's discovery order and understood the basic procedure for requesting adjournments, twice seeking and receiving extensions of time. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("Nonetheless, '*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'"). Moreover, no lesser sanction could effectively remedy Mr. Paige's pattern of noncompliance. Mr. Paige's failure to comply with the discovery order has stalled this case and prejudiced Defendants' ability to prepare for trial. Monetary sanctions would be meaningless, because Mr. Paige proceeds *in forma pauperis*. The duration of Mr. Paige's noncompliance—now over eight months—also favors dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (noting "[dilatory] conduct may warrant dismissal after merely a matter of months"). Finally, Mr. Paige had ample warning that his continued noncompliance may lead to dismissal. As detailed above, this Court

previously dismissed this action as a sanction for failure to comply with a court order. (*See* ECF Nos. 49, 55.) Defendants' motion to dismiss and Judge Reyes's R&R also put Mr. Paige on specific notice of the possibility of dismissal with prejudice. (*See* ECF Nos. 89, 92.)

Federal Rule of Civil Procedure 41(b) also authorizes dismissal of this case. Rule 41(b) states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Courts should exercise special caution in dismissing a *pro se* litigant's case. *Id.* (citation omitted). Before dismissing a case under Rule 41(b), courts should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). The Court agrees with Judge Reyes's conclusion that the five factors favor dismissal for the reasons discussed in the R&R. Three of these factors overlap the factors considered in dismissing a case under Rule 37: the duration of the delay, the efficacy of lesser sanctions, and whether the plaintiff or noncompliant party received notice of the possibility of dismissal. As discussed above, these three factors favor dismissal.

The remaining factors ask whether the "defendant was likely to be prejudiced by further delay" and whether the court balanced "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court." *Id.* Judge Reyes found further delay would prejudice the Defendants, depriving them of the information necessary to proceed

and unfairly causing them to "assum[e] the risks associated with fading memories and lost evidence." *Bhalla v. JP Morgan Chase & Co.*, No. 03-CV-6051(DRH)(JO), 2005 WL 1027523, at *3 (E.D.N.Y. Apr. 26, 2005). This factor favors dismissal.

Judge Reyes balanced the Court's interest in managing its docket against Mr. Paige's interest in being heard in court. As Judge Reyes correctly noted, while the Court has expended a great deal of time and resources in addressing Mr. Paige's case, Mr. Paige has failed to reciprocate and meet his obligations under the Federal Rules of Civil Procedure and orders of this Court. *See Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Because [plaintiff] has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [plaintiff]'s suit to remain on the Court's docket.").

"Courts have a special obligation to *pro se* plaintiffs prosecuting civil rights cases from prison. . . . However special solicitude for the difficulties that a *pro se* plaintiff must face does not extend to the wilful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), *aff'd*, 850 F.2d 121 (2d Cir. 1988). Mr. Paige has repeatedly demonstrated his unwillingness to comply with this Court's orders and the Federal Rules of Civil Procedure. Dismissal with prejudice constitutes the appropriate sanction.

## CONCLUSION

For the reasons set forth above, the Court adopts Judge Reyes's Report and Recommendation (ECF No. 92) pursuant to 28 U.S.C. § 636(b)(1). The Court denies Mr. Paige's objections and dismisses this action with prejudice pursuant to Rules 16(f), 37(b)(2)(A)(v), and 41(b). The Clerk of Court is respectfully directed to close this case. The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/(SLT)
--------
SANDRA L. TOWNES
United States District Judge

Dated: September 22, 2014
Brooklyn, New York